27 N.J. Super. 511 (1953)
99 A.2d 664
EDWARD L. NEYLON, PETITIONER-APPELLEE,
v.
FORD MOTOR COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1953.
Decided October 14, 1953.
*512 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Verling C. Enteman argued the cause for appellant (Messrs. McCarter, English & Studer, attorneys).
Mr. Sam Weiss argued the cause for appellee (Mr. Lewis S. Jacobson, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
"Large streams from little fountains flow, Tall oaks from little acorns grow." [Everett (1791)]
In 1949 the petitioner, Edward L. Neylon, achieved an award in the Division of Workmen's Compensation of $296.43. The sequential litigation concerning the legal propriety of the award became exceedingly notable. Its path is marked by the decisions reported in 13 N.J. Super. 56 (App. Div. 1951), 8 N.J. 586 (1952), and 10 N.J. 325 (1952). It will be recalled that by reason of an equal division of opinion among the justices of the Supreme Court, the judgment of the Appellate Division of this court affirming the award remains undisturbed.
It is immediately obvious that without the aid of competent counsel in this lengthy and expensive contest with the Ford Motor Company the petitioner would have been as helpless as a turtle on its back.
The Ford Motor Company, as is its undoubted right, continues to be disputatious. Rule 5:2-5, now R.R. 5:2-5(f), empowers the County Court to "allow a reasonable attorney's *513 fee to the prevailing party on appeal from an order or determination of the division of workmen's compensation for his services in the county court, the Appellate Division of the Superior Court, and the Supreme Court."
Upon notice and after hearing the arguments of counsel and according the subject mature consideration, Judge Kalteissen of the Middlesex County Court granted to counsel of the petitioner fees aggregating the sum of $2,850. The Ford Company by means of the present appeal impugns the allowance as unreasonably exorbitant.
The reasons assigned to support the attack seem to jostle each other. Essentially the first insistence is that the allowance does not have a mathematically proportionate relationship to the compensation award of $296.43. Under this point it appears to be conceded on behalf of the Ford Company that counsel for the petitioner would be justly entitled to a fee equivalent to a percentage of the $296.43. Perhaps it is supposed that for the rendition of professional services beyond that modest figure counsel for the petitioner should be gratified by the cozy warmth of the applause flowing from their victory.
Secondly, it is proposed by the present appellant that the allowance should be measured by the amount the petitioner would have in his situation deemed discreet to invest in resisting the successive appeals of the company. Such a speculative investment by the petitioner we apprehend might have been symbolized by a cipher.
Next it is advocated that  well, let us quote from the appellant's brief:
"However, assuming that Edward L. Neylon was free to employ Mr. Weiss to prepare and file a petition for rehearing, in view of the fact that Edward L. Neylon never could have recovered more than the sum of $296.43, it is certain that he would not have agreed to pay for such legal services more than a small sum not more than $100."
That observation causes us quite incidentally to wonder what sum the Ford Motor Company agreed to pay its counsel. Such criteria are not consonant with the intent of the *514 Supreme Court rule authorizing the admeasurement of fees in such proceedings.
The Legislature (R.S. 34:15-67, repealed March 19, 1953, L. 1953, c. 33), and the Supreme Court foresaw the inability of an impecunious employee without the continued aid of counsel to defend his compensation award, particularly a meager one, against a succession of appeals by his affluent employer. The history of the present case displays the wisdom of their foresight.
The impracticability of fabricating a key to fit every lock was comprehended. To limit counsel fees for services successfully rendered on behalf of the employee in the appellate tribunals to a fixed percentage of the initial, reduced or increased award was obviously deemed inapt and inadvisable, hence in each case the County Court is invested with the discretionary authority to allow, where the circumstances warrant, a reasonable attorney's fee to the prevailing party. Assuredly this case is a distinctly typical one in which an allowance of a counsel fee to the petitioner is abundantly justified.
Lastly the appellant asserts that the fee should not exceed the fair and reasonable worth of the services performed. This contention may be recognized as appropriate.
We accordingly confine our appellate review to ascertaining whether the allowance is manifestly unreasonable in its total amount. Does it so exceed the bounds of reason as to exhibit a mistaken exercise of judicial discretion? Viewed in that aspect the fee granted by the County Court does not seem to us to be patently excessive.
The order is affirmed.