**Nissel A. ROSE, Appellant,**

**v.**

**ALASKAN VILLAGE, INC., Jeffre W. Patterson and Alaska Workmen's Compensation Board, Appellees.**

**No. 623.**

Supreme Court of Alaska.

March 24, 1966.

---

George F. Boney, Burr, Boney & Pease, Anchorage, for appellant.

W. C. Arnold, Anchorage, for appellee Alaskan Village, Inc.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellant Nissel A. Rose, an attorney, has appealed from an order of the superior court which, in part, awarded the sum of $150.00 as attorney's fees in a workmen's compensation proceeding. Appellant's primary contention is that the superior court's award of $150.00 was unreasonable in light of the nature and extent of the legal services he rendered to appellee Jeffre W. Patterson (the compensation claimant). Under the particular circumstances of this case we are of the opinion that the matter should be remanded for the purpose of determining an appropriate award of attorney's fees.

Reference to the history of this litigation is necessary. On July 13, 1960, appellee Patterson suffered a compensable foot injury. Patterson then filed an application for adjustment of claim and after a hearing held on March 25, 1961, before the Workmen's Compensation Board (hereinafter referred to as the Board) appellee Alaskan Village, Inc. was ordered to pay compensation and medical expenses to Patterson. Thereafter, the Board received a request from Patterson to determine the degree of his permanent disability and to order payment of delinquent compensation and medical bills. As a result of this request the Board, on November 14, 1962, issued a supplementary order granting Patterson the relief he had requested.[1]

The matter then came before the Board for the third time on a hearing held on September 18, 1963, to determine whether appellee Alaskan Village, Inc. had received proper notice in regard to the prior proceedings before the Board. In its order of December 31, 1963, the Board found that Alaskan Village, Inc. was Patterson's employer at the time he sustained the injury and ordered the corporation to pay

---

1. In this supplementary order appellee, Alaskan Village, Inc., was ordered to pay the applicant $2,550.00 in compensation, $544.48 in medical expenses, $510.00 in penalties, and the sum of $915.00 for permanent partial disability of his foot.

all sums previously awarded in the supplementary order of November 14, 1962.[2] The Board's supplementary order of November 14, 1962, awarded attorney's fees in the amount of $601.95 for legal services rendered to the compensation of claimant.

On January 20, 1964, Alaskan Village, Inc. appealed the Board's decision of December 31, 1963, to the superior court.[3] In its complaint for injunctive relief, the corporation requested that the Board's orders of November 14, 1962, and December 31, 1963, be set aside and further requested interlocutory relief staying the payments it had been ordered to make. It is at this posture in the litigation that appellant Nissel Rose made his first appearance as attorney of record for claimant Patterson.[4]

From this point on the record reflects that the appellant rendered the following services to claimant Patterson: On February 3, 1964, appellant filed a memorandum in opposition to Alaskan Village, Inc.'s motion for order staying payment; on February 3, 1964, appellant filed a motion and memorandum in support of the motion to dismiss the appellee's appeal; on February 11, 1964, appellant made a court appearance in order to argue these motions; on February 18, 1964, appellant filed a

memorandum in opposition to Alaskan Village, Inc.'s motion for summary judgment; on the same date appellant also filed motions for award of additional attorney's fees[5] and to dismiss the appeal for the failure to join an indispensable party (together with a supporting memorandum); on February 21, 1964, appellant filed a motion and memorandum seeking interest on the sums previously awarded by the Board to claimant Patterson; on March 31, 1964, appellant again made a court appearance to argue certain of these motions;[6] and the record further reflects that on September 25, 1964, appellant again made a court appearance for the purpose of oral argument.

At the completion of oral argument on September 25, 1964, the court ordered that the matter be

> remanded to the Alaska Workmen's Compensation Board for the sole purpose of determining after proper notice to Alaskan Village, Inc., whether said Alaskan Village, Inc., was properly notified of the hearings on application to adjust the claim for compensation of Jeffre W. Patterson * * *.

The order also provided that it was

> without prejudice to the right of the Alaska Workmen's Compensation Board to take such other or further proceedings

2. The December 31, 1963, order reads in its pertinent part as follows:
> The Alaskan Village, Inc., is ordered to be a party defendant, and is further ordered to pay all the sums contained in the Board's Supplementary Order issued November 14, 1962, herein, and it is further ordered to pay, in addition, all medical bills and expenses incurred after November 14, 1962, which said sum, to date, is $101.50.

3. AS 23.30.125(c) of the Alaska Workmen's Compensation Act provides in part:
> If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings brought by a party in interest against the board in the superior court.

4. Prior to appellant's appearance as attorney of record claimant Patterson was

represented by William H. Sanders. Mr. Sanders was appointed to the superior court of the State of Alaska on January 2, 1964, (just prior to appellee Alaskan Village, Inc.'s appeal to the superior court).

5. AS 23.30.145(c) of the Alaska Workmen's Compensation Act provides:
> If proceedings are had for review of a compensation order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation ordered and shall be paid as the court may direct.

6. The record also indicates that appellant during the month of March 1964, took the depositions of Cecil H. Metcalfe and Glenn J. Pratt.

in connection with the claim of Jeffre W. Patterson as are authorized by law, which it may deem proper.

Pursuant to the superior court's remand, the matter came before the Board for the fourth time on January 20, 1965. Appellant appeared in claimant's behalf at this hearing before the Board. Subsequently, on March 5, 1965, the Board filed a decision in which it concluded that appellee Alaskan Village, Inc. had received proper notice.[7] It is pertinent to note that in this decision the Board stated in part:

> There is one further portion of this fourth hearing to be explained. Counsel for the applicant stated he had spent 46.9 hours in the preparation of his presentation to the Board and requested a fee of $830. The Board concluded it could not award a fee at this interim hearing but wishes to bring to the attention of the court this request.

After this decision of the Board had been rendered, appellee, Alaskan Village, Inc., then filed a motion in superior court for a voluntary dismissal of its pending appeal. Appellant thereafter filed in the superior court a motion for costs and attorney's fees.[8] In regard to the motion for attorney's fees, appellant asserted that:

> The motion was made before the Board at the fourth hearing at which time counsel represented to the Board that 46.9 hours had been spent on this matter upto [sic] the time set for the fourth hearing in research, preparation, draft-

ing of documents, court appearances, Board appearances, conferences, not counting the time previously spent by William H. Sanders, Esq., previous attorney of record.[9]

On April 21, 1965, appellee's motion to dismiss its appeal and appellant's motion for costs and attorney's fees came before the superior court for oral argument. At the conclusion of the hearing, the superior court awarded $150.00 in attorney's fees. At the time the trial judge announced his decision to award $150.00 in attorney's fees, the following transpired:

> THE COURT: Well, I think the Court should award some attorney's fees for the case here, but I would say the Court should be nominal in the matter, * * *
>
> * * * * * *
>
> THE COURT: Well, of course, the Court is now [sic] allowing fees before the Board. That's their duty to allow those fees.
>
> MR. ROSE: This has been brought to the attention of the Court by the Board saying that they would award it but felt that they could not, because it was a special remand.
>
> THE COURT: Of course, the Court said that they could take whatever action they deemed appropriate in addition to that. * * *
>
> * * * * * *
>
> " * * * I don't agree with them that they couldn't pass so the fees have been fixed now. That's not saying that your

---

7. The Board's March 5, 1965, "Decision on Proper Notice" concluded:

> The defendant was properly notified as to the time, place, and location of the hearing held in this matter on September 18, 1963, through its duly registered agent for the acceptance of process.
>
> Note: At the hearing before the Board, counsel for appellee Alaskan Village, Inc. took the position that the Board was without jurisdiction to make an award of additional attorney's fees in view of the partial remand by the superior court.

8. The motion for attorney's fees was made pursuant to AS 23.30.145(c) of the Alas-

ka Workmen's Compensation Act which is set forth note 5 supra.

9. The quote is taken from appellant's Memorandum in Opposition To Motion To Dismiss and In Support of Motion For Costs and Attorneys Fees. In addition to the 46.9 hours alluded to by appellant, he also asserted that since the fourth hearing before the Board

> [A] considerable amount of additional time has been expended in appearing before the Board, additional research, conferences, and drafting of documents * * *.

service is not worth more than what you did, but I think that's all the Court should award because I think the Compensation Board could have awarded other fees as they desired.

MR. ROSE: Well, maybe we should have another hearing then.

THE COURT: Well, that's up to you and Mr. Arnold.

After the April 21, 1965, hearing had been completed, appellant filed a motion for reconsideration.[10] On May 14, 1965, appellant's motion for reconsideration was argued. In denying appellant's motion for reconsideration, the court stated in part:

> Now, this matter of attorney's fees. I can't see that this Court is going to have to be concerned with what arrangements the attorneys do or do not make when they take over someone else's practice. The Court is not going to award attorney's fees because some attorney in taking someone else's practice, didn't make arrangements to be compensated for what work he might have to do on that case if it wasn't completed. Now, the question for reasonable attorney's fees, for what happened after the award

was made * * *. I realize that Mr. Rose may not feel that this is adequate and I would agree that maybe $150.00 is not adequate for all the work done, but I think that in view of the statute which allows a certain percentage, which they did allow and awarded to Mr. Sanders, but that does not do away with the fact that Mr. Sanders and Mr. Rose could not have made some arrangements to split that fee. I still hold that $150.00, in view of all the circumstances of this case, is reasonable attorney's fees * * *.[11]

Appellant Nissel Rose (claimant Patterson did not appeal) then appealed from the lower court's award of $150.00 attorney's fees, as well as from the court's subsequent denial of his motion for reconsideration.[12]

At the threshold we are asked to resolve the issue of whether appellant, as attorney for a claimant under our Workmen's Compensation Act, has the right to appeal from the lower court's award of attorney's fees. Appellee Alaskan Village, Inc., argues that appellant is not a party within the intendment of Supreme Ct.R. 7(b).[13] Appel-

10. Appellant's affidavit in support of his motion for reconsideration stated in part:
   > As of the time of the said fourth hearing, affiant had expended a total of 46.9 hours in preparation of this matter for presentation to the Court and to the Board. Additional time has been expended by affiant since that date in conference with his client, in conference with the Court, and in conference with opposing counsel, and in Court appearance, and now in the preparation of the documents being submitted to the Court herewith, and it is expected that additional services will be required in the future before this matter is concluded.
   >
   > Affiant's regular time charge for legal services to all clients who can be billed on the time basis is in the sum of not less than $35.00 per hour, which amount is reasonable by the standards of the community and of other jurisdictions.
   >
   > On the basis of 50 hours which is to be the least amount of hours expended in this matter, a reasonable attorney's fee is in the sum of $1,850.00.

11. After appellant appealed, there was filed, on June 11, 1964, a "Partial Satisfaction of Judgment." This document reads in part:
   > COMES NOW Nissel A. Rose, attorney for defendant Jeffre W. Patterson, and enters Partial Satisfaction of Judgment herein, and states that all monies other than attorney's fee which is now pending on appeal have been paid in this case with the court by plaintiff by deposit of the sums awarded to defendant Jeffre W. Patterson, * * *.

12. As indicated note 11 supra, appellee Patterson has received payment of all sums awarded him by the Board and has filed a partial satisfaction of judgment.

13. Supreme Ct.R. 7(b) provides in part:
   > A party may appeal from a judgment by filing with the court from which the appeal is being taken a notice of appeal in duplicate with sufficient additional copies for all parties. The notice of appeal shall specify the parties taking the appeal; * * *.

lee further contends that the weight of authority is to the effect that

> an attorney has no right to prosecute an appeal, even though his own interest with respect to fees or other compensation may be defeated or affected, where his client refuses to institute or maintain the appeal.[14]

On the other hand appellant has cited persuasive authorities which have permitted attorneys to obtain judicial review of orders determining their compensation in Workmen's Compensation proceedings. In Collins v. Industrial Comm'n,[15] the attorneys involved sought review of the Illinois Industrial Commission's award of attorney's fees in a workmen's compensation proceeding.

The supreme court of Illinois stated:

> Despite the fact that the statute states the jurisdiction of the circuit court in the terms of 'questions of law and fact presented by such record,' and extends that jurisdiction to *all* such questions, it is argued that the right to a judicial review is limited to 'parties' and that the attorneys are not parties. * * *

Even if the statutory jurisdiction of the circuit court was expressed in terms of parties, instead of in terms of issues, we think that the attorneys were parties to the supplemental hearing at which their fees were determined. * * *

It is sufficient to note that the great majority of States have allowed judicial review of commission orders fixing compensation for attorneys. In some instances the attorney's right to review was assumed; in others that right was challenged and sustained. * * *[16]

See also Di Costanzo v. Willard, 165 F.Supp. 533, 537–538 (E.D.N.Y.1958); Postal Mut. Indem. Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482 (1943); Thatcher v. Industrial Comm'n, 115 Utah 568, 207 P.2d 178 (1949).

Under the Alaska Workmen's Compensation Act, an attorney's fee for representation of a compensation claimant must either be approved or fixed by the Board or awarded by the superior court (in the event proceedings are had for the review of a compensation order).[17] The act also makes

14. Appellee quotes from Annot., 91 A.L.R. 2d 618, 622 (1963), in this regard.

15. 12 Ill.2d 200, 145 N.E.2d 622, 624 (1957).

16. Note 15 supra, 145 N.E.2d at 624.

17. In regard to attorney's fees, AS 23.30.-145 provides:

*Attorney fees.* (a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board advises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

(b) If an employer fails to file timely notice of controversy or fails to pay compensation within 15 days after it becomes due or otherwise resists the payment of compensation, and if the claimant has employed an attorney in the successful prosecution of his claim, the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation ordered.

(c) If proceedings are had for review of a compensation order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation ordered and shall be paid as the court may direct.

it a crime for anyone to receive a fee "on account of services rendered in respect to a claim, unless the consideration or gratuity is approved by the board or the court."[18]

■■ Since the fees of an attorney for a claimant in a workmen's compensation proceeding find their source in the provisions of the Alaska Workmen's Compensation Act and are fixed thereunder by either the Board or the superior court (under AS 23.30.145(c)) we have concluded that appellee's motion to dismiss this appeal should be denied. We hold that an attorney in a workmen's compensation proceeding has the right to appeal from an award of attorney's fees by either the Board or the superior court, and is a "party" within the scope of Supreme Ct.R. 7(b). We are persuaded that the authorities referred to above are correct and that an exception in workmen's compensation proceedings is appropriate to the general prohibition against an attorney appealing the issue of attorney's fees.

■ We are of the further opinion, in light of the character and extent of the legal services (detailed in this opinion) which appellant rendered to the compensation claimant, that this matter should be remanded for an appropriate determination of attorney's fees.

All of appellant's legal services to the compensation claimant were rendered subsequent to the Board's award of $601.95 to William H. Sanders on December 31, 1963. Such legal services as were rendered to the compensation claimant by appellant subsequent to the Board's order of December 31, 1963, were necessitated by virtue of appellee Alaskan Village, Inc.'s appeal from that order to the superior court.

In our view, the question of whether or not appellant should have entered into a fee splitting arrangement with William H. Sanders in regard to the Board's December 31, 1963, award of $601.95 of attorney's fees

has no relevancy to the issues presented in this appeal. Appellant's services were all rendered subsequent to the Board's order of December 31, 1963. Nor do we believe, in view of the circumstances of this case, that a "nominal" award of attorney's fees under AS 23.30.145(c)[19] was appropriate.

AS 23.30.145(a) of the Alaska Workmen's Compensation Act enjoins the Board, in determining the amount of legal fees that are to be awarded, to

take into consideration the nature, length and complexity of the services performed * * *.

In the instance where an employer fails to pay compensation or otherwise resists the payment of compensation, AS 23.30.145(b) provides:

[I]f the claimant has employed an attorney in the successful prosecution of his claim, the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation ordered.

The provisions of AS 23.30.145(a) and (b) impart meaning to subsection (c)'s proviso that:

If the proceedings are had for review of a compensation order before a court, the court may allow or increase an attorney's fees.

■■ We construe AS 23.30.145 in its entirety as reflecting the legislature's intent that attorneys in compensation proceedings should be reasonably compensated for services rendered to a compensation claimant. In light of the record in this case, we are of the opinion that the superior court's award of $150.00 attorney's fees was not in accord with the legislative intent articulated in AS 23.30.145.[20]

The matter is remanded to the superior court for redetermination of attorney's fees in accord with the foregoing. Upon re-

---

18. AS 23.30.260(1).

19. Note 17 supra.

20. See: Di Costanzo v. Willard, supra; Walters v. General Acc. & Fire Assur.

Corp., 119 So.2d 550, 561 (La.Ct.App. 1960); Neylon v. Ford Motor Co., 27 N.J.Super. 511, 99 A.2d 664 (1953); Wright v. Schultz, 55 N.M. 261, 231 P.2d 937 (1951).

mand, the superior court is to consider the nature of the legal services appellant rendered to the claimant, subsequent to the Board's order of December 31, 1963, both in the superior court and before the Board.[21]

21. In regard to legal services rendered before the Board, we have reference to the services appellant rendered in relation to the January 20, 1965, hearing before the Board. Upon remand, the superior court may, in its discretion, in turn remand to the Board for its determination of an award of attorney's fees in regard to the limited issue of legal services rendered by appellant to the claimant in connection with the fourth hearing held before the Board on January 20, 1965.