463 So.2d 368 (1985)
Lula Mae DAVIS, Appellant,
v.
KEETO, INC., d/b/a Jiffy Maid Service, Appellee.
No. AW-288.
District Court of Appeal of Florida, First District.
January 15, 1985.
Rehearing Denied February 19, 1985.
L. Barry Keyfetz of Keyfetz, Poses & Halpern, Miami, for appellant.
Sally R. Doerner of Walton, Lantaff, Schroeder & Carson, Miami, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a workers' compensation order finding that the employer/carrier acted in bad faith and determining the amount of the claimant's attorney's fee.
The claimant suffered a compensable accident arising out of and in the course of her employment on March 19, 1981. As a result of the accident, the claimant suffered a serious eye injury in addition to soft tissue injuries. The claimant was initially paid temporary benefits through September 4, 1981, on which date the benefits were terminated. On December 9, 1982, a claim for impairment benefits was filed. A copy of this claim, accompanied by a doctor's report showing a 97 percent loss of vision in the eye, was furnished to the carrier. The carrier, through the adjuster, denied that they received the claim letter, the attached report, or the acknowledgment letter with the attached claim from the bureau. The case was noticed for hearing on December 21, 1982, setting pre-trial conference for March 3, 1983, and final hearing on March 25, 1983. After protracted litigation, on June 23, 1983, the employer/carrier agreed to pay to the claimant *369 her $1,150 of impairment benefits and interest thereon, but resisted payment of penalties and attorney's fees, asserting that claimant was responsible for those fees.
A hearing on attorney's fees was held, and, by order entered November 10, 1983, the deputy commissioner found that the employer/carrier acted in bad faith and were accordingly responsible for attorney's fees. The deputy commissioner considered the amount in controversy ($1,335 in impairment benefits, penalties, and interest), the fee schedules, and all appropriate factors, and awarded the claimant's attorney $1,200 as a reasonable attorney's fee, entering the following order:
In connection with the amount of attorney fee to be paid by the employer/carrier, the undersigned Deputy Commissioner finds as follows. Counsel in the prosecution of this matter testified to the expenditure of 28.5 hours exclusive of proceedings in connection with penalties and attorney's fees. The case involved pre-trial conference, two hearings, motion hearings, three medical depositions, deposition of claimant. The time spent testified to by counsel for claimant has been properly documented. In addition thereto, counsel for claimant expended an additional 12.5 hours in connection with two hearings and deposition of carrier regarding attorney's fees and penalties. However, the primary purpose for said additional time expenditure of 12.5 hours was in connection with attorney's fees and with the aspect of penalties requiring a lesser degree of proof and flowing from the necessary efforts in connection with the attorney fee aspect. Accordingly, the undersigned Deputy Commissioner cannot consider any of said time expended in connection therewith as it may pertain to the issue of penalties and the Deputy Commissioner is mandated by appellate decisions that time spent in connection with attorney's fees is not time that can be considered in determining the amount of reasonable attorney fee.
Testimony indicated that a reasonable hourly rate on a contingency basis in the community for handling a worker's compensation matter would ordinarily be in the range of $125.00-$150.00 per hour. Charges at that level appear consistent with defense charges on a non-contingency basis. Both counsel herein are skilled practitioners. Counsel for claimant is known as a particularly well qualified practitioner in the field of workers' compensation, was formerly chairman of the workers' compensation section of the Florida Bar, has written several law review articles in the field of workers' compensation and is the associate editor of the Academy of Florida Trial Lawyers Journal and has written the workers' compensation column in connection therewith for the past ten years.
In addition to the time involved in the prosecution of the matter and the reasonable hourly rate in connection therewith, there are other factors set forth in the applicable statute for consideration by the Deputy Commissioner in assessing attorney's fees. The contingency and degree thereof is a factor to be considered. Although initially there did not appear to be anything too complex about this case, there was unquestionably resistance to provision of the benefits sought and a high degree of skill was necessary in view of the diligent defense.
Counsel for claimant has no regular relation with claimant herein; counsel spent 28.5 hours of professional time to assist claimant, exclusive of attorney's fee aspect which may not be considered. Counsel for claimant testified that as a result of his representation of claimant herein he was required to decline his services to other injured workers seeking his services in workers' compensation matters and declined other more lucrative liability claims. It was contended by counsel for claimant that the issue in connection with the amount of attorney fee must be considered in the format of simply whether the injured worker has any meaningful redress under the workers' compensation law to obtain skilled *370 counsel for necessary representation to obtain benefits withheld, and if so, that the amount of an attorney fee must predominantly consider the necessary time expended and a reasonable hourly fee for that time, considering the skill and success of counsel. The skill was ably demonstrated before me and counsel obtained all benefits which were available to be obtained for claimant, with the issue, however, always only involving fairly minimal impairment benefits. It was the contention of said counsel that time expended in connection with the attorney fee aspect should be included by the Deputy Commissioner, which contention is rejected. It was further contended by said counsel that considering all of said time, a minimum of $5,000.00 should be awarded as a reasonable attorney fee, and that excluding said time, the minimum award of reasonable attorney fee should be at least $3,700.00.
... .
In addition to the factors enumerated above, a significant factor set forth for consideration is the amount involved in the controversy and benefits resulting to the claimant. In this case, the amount involved simply impairment benefits of $1,150.00, interest in connection therewith in the approximate amount of $70.00, and penalties in the amount of $115.00, which amounts involved were the same as the benefits resulting to claimant. The total of the amount in controversy and benefits awarded is approximately $1,335.00. In connection therewith, the legislature has established a fee schedule as presumptively correct for the award of reasonable attorney's fees which if applied herein, would produce a fee of $333.00 for an hourly contingency rate for all of the time expended of $8.00 per hour or considering just the merits aspects approximately $11.00 per hour.
The undersigned Deputy Commissioner finds, under the circumstances herein, it is obviously necessary to deviate from the fee schedule with the question being the extent of permissible deviation. The dilemma frequently posed is exemplified by the situation herein where as is most frequently the case, the amount of benefits involved in the controversy are grossly disproportionate to the time necessary to obtain said benefits. It is the position of counsel for claimant, that the award of attorney's fees must be reasonable in terms of the time involved without particular relation to the amount of benefits in controversy since (1) absent that occurring, the injured worker is deprived of access to counsel and any redress, it being apparent in the pending matter without the ability to secure skilled counsel to assist her, claimant herein would not have received the impairment benefits due her, (2) the time necessitated was simply a function of the litigation required to obtain the benefits.
The argument of counsel for claimant is persuasive. However, the undersigned Deputy Commissioner is of the view that appropriate weight should be given to the amount of the benefits involved in the controversy and to the statutory fee schedule in connection therewith, as well as to all other factors enumerated in Section 440.34, Florida Statutes, and that this determination should be tempered against the amount of time spent in handling the claim. Considering the fact that the reasonable amount of an attorney's fee is therefore the result of an overall evaluation of all pertinent factors, and not just a straight calculation of the number of hours involved multiplied by a more or less standard hourly fee, it is the determination of the undersigned Deputy Commissioner that $1,200.00 considering all of the appropriate factors represents as reasonable attorney fee to be paid claimant's attorney.
Thus, it appears that, despite the excellent and thorough consideration of all factors associated with the determination of a fee, the deputy felt bound to award a fee of $1,200, slightly less than the benefits ($1,335 in impairment benefits, penalties, and interest) secured by counsel.
*371 The amount of benefits obtained, though an important factor to be considered in setting fees, is not the only factor and does not set the maximum amount that can be awarded as a fee. Were it otherwise, the employer/carrier could resist payment of smaller claims, and those claims would be virtually uncollectable. In determining the amount of the fee, the deputy thoroughly dealt with the factors required to be considered under Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968), and Sections 440.34(1)(a-h), Florida Statutes, but incorrectly applied a "cap" not required by the law of this State. There is no statute or case law in this state which requires the result reached below, and the rule is that stated by Larson, as follows:[1]
Apart from a statute that requires the fee to be keyed to the amount of the award, there should be no rigid relation between recovery and fee. Sometimes this may even mean that the lawyer's fee is ten times as large as the award. Or it may mean that the fee is less than one-fifth of the award.
In Neylon v. Ford Motor Company, 27 N.J. Super. 511, 99 A.2d 665 (1953), the court affirmed an award of $2,850 in attorney fees for recovery of compensation benefits of $296.43, and held:
It is immediately obvious that without the aid of competent counsel in this lengthy and expensive contest with the Ford Motor Company the petitioner would have been helpless as a turtle on its back.
The same could be said of the claimant in the instant case, who suffered the loss of an eye, an injury for which minimal benefits were afforded at the time of the injury, and thereafter was required to endure prolonged litigation in order to recover the $1,150 in impairment benefits. The employer/carrier resisted payment at every step of the way, and this resistance was found not justified by the deputy, who determined the employer/carrier guilty of bad faith. Without the assistance of competent counsel, claimant would similarly have been "helpless as a turtle on its back," Neylon v. Ford Motor Company, supra, and could very well have not recovered her impairment benefits. The deputy also erred in refusing to consider time spent in connection with preparing for and securing award of attorney's fees.
Accordingly, that part of the deputy commissioner's order setting the claimant's attorney's fee is reversed and remanded for reconsideration consistent with this opinion.
BARFIELD, J., concurs.
MILLS, J., dissents.
MILLS, Judge, dissenting.
I dissent. I would affirm.
As stated by the majority, the deputy considered the amount in controversy, the fee schedules, and all appropriate factors, and awarded Davis' attorney a $1,200 fee.
I would adopt the deputy's findings which are quoted in the majority's opinion.
As stated by the majority, the deputy's consideration of all factors associated with the determination of the fee was excellent and thorough.
The deputy adhered to the law and her findings are supported by competent substantial evidence. I would not substitute my judgment for hers under these circumstances.
NOTES
[1] 3 A. Larson, The Law of Workmen's Compensation § 83.13(d) (1983).