# JEFFUS v THE CORAL GABLES RETIREMENT BOARD, et al.

## Case No. 85-23124 CA 22

Eleventh Judicial Circuit, Dade County

February 1, 1987

### APPEARANCES OF COUNSEL

**Richard A. Sicking, Kaplan, Sicking & Bloom,** for plaintiff.

**Allen Greenfield** for The City of Coral Gables Retirement Board.

**John D. Gronda, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick,** for the City of Coral Gables.

### OPINION OF THE COURT

ROBERT P. KAYE, Circuit Judge.

## ORDER ON RESPONDENT'S MOTION FOR ATTORNEY'S FEES AND COSTS

THIS CAUSE CAME BEFORE ME for hearing after due notice to the parties upon the Motion of the Respondent for Attorney's Fees and Costs and having considered the Motion and supporting Affidavits together with the pleadings filed, and the testimony of Richard A. Sicking and Judith Korchin, and having heard the argument of counsel and being otherwise advised in the premises:

WHEREFORE, IT IS ORDERED AND ADJUDGED:

The Motion for Attorney's Fees and Costs should be and the same is hereby granted.

The Court previously denied certiorari in this case with opinion in *City of Coral Gables vs. Retirement Board*, 16 Fla. Supp.2d 71 (11th Cir. 1985).

The Petitioner objected to jurisdiction by relying on cases of trial courts' consideration of requests for attorney's fees after judgment and/or when motions for attorney's fees were not timely filed. The Respondent filed a timely Motion for Attorney's Fees upon which the Court had not ruled. See Fla. R. App. P. 9.400. The present case was certiorari in which the appellate jurisdiction of the Court was invoked to review the decision of the Coral Gables Retirement Board. The Court was not functioning in a trial court capacity. Further, the case originally came before the Court on a noticed motion to set a hearing and at that time the parties agreed to argue the merits which were then denied in favor of the Respondent, Jeffus. The pending Motion for Attorney's Fees had not been noticed and the parties are entitled to a hearing thereon. Therefore, the Petitioner's objection to jurisdiction is overruled.

Section 448.08, Fla. Stat. provides:

"The Court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

Section 59.46, Fla. Stat. provides:

"In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal."

The Respondent, Jeffus contends that he is entitled to attorney's fees in addition to the award to be paid by the Petitioner City on account

118

of these statutes. The City denies such claim on the ground that the affirmance of the award of a disability pension in the present case was not wages within the meaning of the statute.

In another section of Chapter 448 wages are defined. Section 447.07(1)(c), Fla. Stat. provides:

" 'Wages means and includes *all* compensation paid by an employer or his agent for the performance of service by an employee, including the cash value of all compensation paid in any median other than cash.' " (emphasis added).

In *Krupa vs. City of Homestead*, Case No. 82-3526 (Fla. Cir. 11th 1984) Circuit Judge George Orr entered an Order on June 12, 1984 awarding attorney's fees to an employee under Section 448.08, Fla. Stat. where the employee successfully brought an action against the City to obtain additional pension benefits.

In *Allen v. City of Hollywood Retirement Fund*, Case No. 80-6885 (Fla. 17th Cir. 1983) Circuit Judge W. Herbert Moriarity entered an Order on February 14, 1983 awarding attorney's fees under Section 448.08, Fla. Stat. where the employee, Mary Allen, had obtained a reversal on appeal to the Circuit Court of the City Pension Board's having denied her a duty related pension.

In *Borsch v. City of Clearwater*, Case No. 86-7874, (Fla. Cir. 6th, 1986), Circuit Judge John S. Andrews entered an Order on October 6, 1986, awarding attorney's fees in a claim for unpaid pension benefits.

The Court therefore holds that the City's appeal of the Pension Board's award of a service connected disability pension in the present case was an action for unpaid wages within the meaning of Section 448.08 and the employee, Benny Jeffus was the prevailing party.

The City contends that there is no entitlement to attorney's fees under the Statute on the ground that it paid the pension during the pendency of the Appeal. On the merits the City contended that Jeffus was not entitled to his pension. Had the City prevailed, Jeffus would have not been entitled to his pension at all. Therefore, it was a claim for unpaid wages.

As to the amount of a reasonable attorney's fee, the Court finds that Jeffus' counsel expended 61.7 hours in the handling of the appeal. This was a reasonable amount of time for the work involved. His usually hourly rate for non-contingent work is $125.00 per hour. He explains that this is less than that which experienced lawyers generally charge because he represents working people. He is a lawyer of 23 years' practice with experience in pension matters. Judith Korchin, who is

President-elect of the Dade County Bar Association, testified that $200.00 an hour would be a reasonable hourly rate for the services performed, although lawyers of the experience of Respondent's counsel would ordinarily receive more. She also indicated that the amount of time expended was reasonable under the circumstances.

The issues involved the resolution of a conflict in the City's ordinances as to which ordinance applied to the case and whether there was substantial evidence to support the Pension Board's determination that the employee was permanently totally disabled within the meaning of the applicable ordinance. The amount of the recovery reduced to the present value was approximately $211,000.00.

The Respondent's counsel's entitlement to attorneys' fees was contingent upon recovery.

The Respondent, Jeffus, contends that the lodestar method of determining attorneys' fees in contingent cases which are payable by the losing party pursuant to a statute, is applicable to the present case, pursuant to the Supreme Court's decision in *Florida Patient's Compensation Fund vs. Rowe*, 472 So.2d 1145 (Fla. 1985). The Petitioner denies the applicability of *Rowe* to this case and would limit it to medical malpractice cases. The Court finds that the lodestar method of *Rowe* is helpful in determining a reasonable attorney's fee in this case. Using the Respondent's counsel's hourly rate for non-contingent work of $125.00 per hour times the time expended of 61.7 hours produces a fee of $7,712.50. A factor of minimum contingency of 1.5 would produce a fee of $11,568.75. A multiplier of maximum contingency of 3 would produce of a fee of $23,137.50 and a factor of 2 for balanced contingency would be appropriately between that. Counsel for the Respondent requests an attorney's fee of at least $12,500.00 on this basis including a consideration for the additional time spent in presentation of this Motion, citing the original opinion in *Davis vs. Keeto, Inc.*, 463 So.2d 368 (Fla. 1st DCA 1985, at page 371). Judy Korchin states that in her opinion $12,500.00 was a reasonable attorney's fee. She pointed out that a strict mathematical calculation of the approximate 62 hours times the $200.00 per hour rate would be $12,400.00.

In *Florida Patient's Compensation Fund vs. Rowe*, supra at page 1150, the Supreme Court approved the use of the criteria set forth in Disciplinary Rule 2-106(d) of the Florida Bar Code of Professional Responsibility. Considering those criteria taken as whole I find that $12,500.00 is a reasonable attorney's fee to be paid by the City of Coral Gables to Richard A. Sicking for his representation of the Respondent, Benny Jeffus in this case.

The Respondent, Benny Jeffus is also entitled to costs to be paid by the City in the amount of $188.08.

DONE AND ORDERED this 1st day of February, 1987, at Miami, Dade County, Florida.